UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(13)(JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING** |
| (13) ERNESTINE (NMN) DUKES, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Ernestine Dukes. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 60 months of imprisonment followed by a minimum of 4 years of supervised release.

## **INTRODUCTION**

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) Subsequently, on the defendant entered a plea guilty to the conspiracy alleged in the Indictment on January 26, 2016.

I.      Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley.  According to information provided by community members as well as investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation.  Further, Beasley was using local community members to assist him in the distribution of controlled substances.  A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation.  Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin.  All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement identified the defendant as a source of supply or facilitator that was involved in the Beasley Drug Trafficking Organization ("DTO") on the Red Lake Indian Reservation.  The defendant is a cousin to the leader Omar Sharif Beasley and the wife of co-conspirator Michael Dukes.  In or about April 2014, the defendant and her husband began providing heroin and facilitating connections to larger sources of supply for Omar Sharif Beasley after he was released from prison and set up the Beasley DTO.  The defendant continued to provide heroin to Beasley, transport heroin from Detroit, Michigan, and assist in the distribution on the Red Lake and White Earth Indian Reservations through at least October 3, 2014.  Further, the defendant aided in moving money between Minnesota and Michigan through the use of wire transfers.  The defendant was arrested on May 27, 2015.  In the six months that the

defendant was active in the Beasley DTO, the defendant had possessed with intent to distributed and aided in the distribution of between 100 and 400 grams of heroin on the Red Lake Reservation and White Earth Reservation.

II.     Prior Criminal History and Post-Charge Conduct

As outlined in the Presentence Report prepared in this matter, the defendant is no stranger to the criminal justice system.  The defendant has a series of theft and drug-related convictions between 1993 and 2012.  In 2006, the defendant was convicted of the crimes of Identity Theft, Delivering or Manufacturing Controlled Substances (cocaine and marijuana), and Financial Transaction Card Fraud.  As a result of her convictions, the defendant served more than three years in prison in Michigan.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  In this matter, the defendant pled guilty to Conspiracy to Distribute more than 100 grams of heroin.  This offense carries a mandatory minimum sentence of 60 months' imprisonment.  In addition to this mandatory minimum sentence, the Sentencing Guidelines are applicable.  The PSR correctly determined that the adjusted offense level for distributing 100 to 400 grams of heroin is 24.  (PSR ¶ 93.)  Further, the PSR appropriately determined that the defendant is entitled to a 3-level adjustment for acceptance of responsibility.  (PSR ¶¶ 102 and 103.)  Finally, the PSR correctly concluded that the defendant's criminal history category is V.  (PSR ¶ 116.)

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute Heroin is 70 to 87 months of imprisonment.  (PSR ¶ 145.)  And, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 60 months' imprisonment for conspiracy to distribute between 100 and 400 grams of heroin on the Red Lake and White Earth Indian Reservations.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 60 months' imprisonment is appropriate for the defendant.  Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.      Nature and Circumstances of the Offense

Since her arrest, the defendant has been forthcoming and remorseful about her role in the Beasley DTO. The defendant has agreed that she was a source of supply and facilitator to larger sources of supply when her cousin Omar Sharif Beasley was just beginning to distribute heroin on the Red Lake Indian Reservation during the spring and summer of 2014. The defendant agreed that she and her husband transported heroin to Minnesota for Beasley, and she assisted in the distribution of the heroin on the Red Lake Indian Reservation. Finally, the defendant assisted Beasley in moving vast amounts of money between Minnesota and Michigan through the use of wire transfers. The defendant claims that her actions were motivated by the desire to make money. In the PSR, the defendant does not claim that she was addicted to heroin. The defendant does not claim that anyone forced her to participate in the conspiracy. Rather, the defendant candidly admits that she joined in a conspiracy that exploited and contributed to a significant heroin epidemic on the Red Lake Indian Reservation and elsewhere in the District of Minnesota.

Based upon the nature and circumstances of the offense, a sentence of 60 months' imprisonment is a fair and just sentence. The defendant traveled to the District of Minnesota and actively distributed a significant quantity of heroin to Native American communities in the District.

II.    History and Characteristics of the Defendant

By the defendant's own report, the defendant had a good upbringing despite family turmoil. The defendant did not struggle with chemical dependency issues or mental health issues until she was an adult. With the exception of a minor offense, the

defendant did not turn to a life of crime or controlled substances until she met and married her husband and co-conspirator in the late 1990s. As is evidenced by the letters of support, the defendant was able to maintain a strong relationship with family despite her criminal acts, prison, and addiction. Further, in 2012, the defendant was provided an opportunity to participate in a drug diversion program despite her prior record. Ultimately, the defendant successfully completed that diversion program.

Although the defendant's personal history, chemical dependency, mental health, and cooperation may reflect the need for a lesser sentence, the defendant's role in the offense mitigates against a sentence less than the mandatory minimum. When the defendant's role is compared with other co-conspirators, a sentence of 60 months' imprisonment is fair and just.

III.   A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 60 months' imprisonment balances all these societal and personal factors.

Here, although the defendant had her own struggles with addiction and mental health issues, the defendant exploited a vulnerable community of people and contributed to an epidemic of heroin and substance abuse in Native American communities in the

District of Minnesota. The defendant was another outside influence, foreign to the District of Minnesota and Native American communities, who brought drugs to the reservation and impacted individual community members and the community as a whole. To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for her actions. Further, there must be an adequate sentence in hopes of deterring others from becoming those connections that allow an entire community to be impacted.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 60 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## **CONCLUSION**

The government respectfully requests that the Court impose a sentence of 60 months' imprisonment. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: May 9, 2016                    Respectfully Submitted,

                                      ANDREW M. LUGER
                                      United States Attorney

                                      *s/ Deidre Y. Aanstad*

                                      BY:  DEIDRE Y. AANSTAD
                                      Assistant U.S. Attorney
                                      Attorney ID No. 0331788